**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NINA SMITH, individually and on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HSN, Inc., a business; Ingenious Designs, LLC, a business; Joy Mangano, an individual; Kilma McKenniss, an individual, John Does (1-5), fictitiously named individual; and ABC COMPANIES (1-5), fictitiously named businesses.<br><br>    Defendants. | Civil Action No. 2:20-cv-12869<br><br>**Class Action**<br><br>**ANSWER, SEPARATE DEFENSES AND DEMAND FOR JURY TRIAL**<br><br>Document Electronically Filed |

Defendant, Kilma J. McKennis, through her attorney and in answer to the complaint, alleges and says:

**FIRST COUNT**

1. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph one of the first count of the complaint.

2. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph two of the first count of the complaint.

3. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph three of the first count of the complaint.

4. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph four of the first count of the complaint.

5. The allegations of paragraph five of the first count of the complaint are denied, except to admit that defendant Kilma J. McKennis [sic] lived at the address provided and at all times relevant, possessed a My Little Steamer Deluxe product.

6. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph six of the first count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

7. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph seven of the first count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

8. Defendant denies the allegations contained in paragraph eight of the first count of the complaint.

9. The allegations of paragraph nine of the first count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

10. The allegations of paragraph ten of the first count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs. To the extent directed at this defendant, defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the

allegations contained in paragraph ten of the first count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

11. The allegations of paragraph eleven of the first count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs. To the extent directed at this defendant, defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph eleven of the first count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

12. The allegations of paragraph twelve of the first count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs. To the extent directed at this defendant, defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph twelve of the first count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

13. The allegations of paragraph thirteen of the first count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs. To the extent directed at this defendant, defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph thirteen of the first count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

## CLASS ACTION ALLEGATIONS

14. The allegations of paragraph fourteen (incorrectly numbered "11") of the "CLASS ACTION ALLEGATIONS," of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

15. The allegations of paragraph fifteen (incorrectly numbered "12") of the "CLASS ACTION ALLEGATIONS," of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

16. The allegations of paragraph sixteen (incorrectly numbered "13") of the "CLASS ACTION ALLEGATIONS," of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

17. The allegations of paragraph seventeen (incorrectly numbered "14") of the "CLASS ACTION ALLEGATIONS," of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

18. The allegations of paragraph eighteen (incorrectly numbered "15") of the "CLASS ACTION ALLEGATIONS," of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

19. The allegations of paragraph nineteen (incorrectly numbered "16") of the "CLASS ACTION ALLEGATIONS," of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

## JURISDICTION AND VENUE

20. The allegations of paragraph twenty (incorrectly numbered "17") of the "JURISDICTION AND VENUE" of the Complaint, consist of legal conclusions to which no responsive pleading is required and, as such, plaintiff is left to her proofs.

21. The allegations of paragraph twenty-one (incorrectly numbered "18") of the "JURISDICTION AND VENUE" of the Complaint, consist of legal conclusions to which no responsive pleading is required and, as such, plaintiff is left to her proofs.

22. The allegations of paragraph twenty-two (incorrectly numbered "19") of the "JURISDICTION AND VENUE" of the Complaint, consist of legal conclusions to which no responsive pleading is required and, as such, plaintiff is left to her proofs.

## **SECOND COUNT**

1. Defendant repeats the responses to the allegations set forth in the first count of the complaint and incorporates them as though fully set forth herein.

2. The allegations of paragraph two of the second count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

3. The allegations of paragraph three of the second count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

4. The allegations of paragraph four of the second count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

5. The allegations of paragraph five of the second count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

6. The allegations of paragraph six of the second count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to

her proofs.

7. The allegations of paragraph seven of the second count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

### THIRD COUNT

1. Defendant repeats the responses to the allegations set forth in the first and second counts of the complaint and incorporates them as though fully set forth herein.

2. The allegations of paragraph two of the third count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

3. The allegations of paragraph three of the third count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

4. The allegations of paragraph four of the third count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

### FOURTH COUNT

1. Defendant repeats the responses to the allegations set forth in the first, second and third counts of the complaint and incorporates them as though fully set forth herein.

2. The allegations of paragraph two of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

3. The allegations of paragraph three of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

4. The allegations of paragraph four of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

5. The allegations of paragraph five of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

6. The allegations of paragraph six of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

7. The allegations of paragraph seven of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

8. The allegations of paragraph eight of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

9. The allegations of paragraph nine of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

10. The allegations of paragraph ten of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to

her proofs.

11. The allegations of paragraph eleven of the fourth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

## FIFTH COUNT

1. Defendant repeats the responses to the allegations set forth in the first, second, third and fourth counts of the complaint and incorporates them as though fully set forth herein.

2. The allegations of paragraph two of the fifth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

3. The allegations of paragraph three of the fifth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

4. The allegations of paragraph four of the fifth count of the complaint are not directed at this defendant and, therefore, no response is required and plaintiff is left to her proofs.

## SIXTH COUNT

1. Defendant repeats the responses to the allegations set forth in the first, second, third, fourth and fifth counts of the complaint and incorporates them as though fully set forth herein.

2. The allegations of paragraph two of the sixth count of the complaint are denied, except to admit ownership of a steamer on January 2, 2019 by defendant Kilma J.

McKennis.

3. Defendant denies the allegations contained in paragraph three of the sixth count of the complaint.

## SEVENTH COUNT

1. Defendant repeats the responses to the allegations set forth in the first, second, third, fourth, fifth and sixth counts of the complaint and incorporates them as though fully set forth herein.

2. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph two of the seventh count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

3. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph three of the seventh count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

4. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph four of the seventh count of the complaint and, therefore, denies same and leaves plaintiff to her proofs.

**WHEREFORE**, defendant demands judgment dismissing the Complaint and any and all claims/cross-claims asserted against her, and seeks the entry of an order awarding counsel fees and costs to this defendant.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND SEPARATE DEFENSE

Any damages sustained were the result of Plaintiff's sole negligence or the negligence of third parties not presently identified in the Complaint.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, as Defendant was not the proximate cause of any alleged damage suffered by Plaintiff.

### FOURTH SEPARATE DEFENSE

Any damage sustained by Plaintiff was the result of the acts of third persons over which Defendant exercised no control.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred due to his own independent acts.

### SIXTH SEPARATE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency or entity independent of the Defendant that bar Plaintiff's claims.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of avoidable consequences.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by his failure to mitigate damages.

## NINTH SEPARATE DEFENSE

Defendant complied fully with all applicable standards of care with respect to the matter alleged in the Complaint.

## TENTH SEPARATE DEFENSE

The damages of which Plaintiff complains are the result of his own actions or inactions and are barred or limited by Plaintiff's comparative or contributory negligence.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that some or all of the alleged liabilities for which Plaintiff seeks recovery have been assumed pursuant to contract or agreement.

## TWELFTH SEPARATE DEFENSE

To the extent Plaintiff obtains or has obtained recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Defendant based on their claims pursuant to the doctrines of *res judicata* and collateral estoppel, as well as the prohibition on double recovery for the same injury.

## THIRTEENTH SEPARATE DEFENSE

Defendant reserves the right to amend this Answer, assert additional defenses, and supplement, alter, or change the Answer upon the revelation of more definite facts and completion of further discovery and investigation.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Kilma J. McKennis ("Defendant"), by way of cross-claim for contribution against the above-captioned co-defendants, alleges and says:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the complaint.

2. If defendant should be found liable to the plaintiff, which liability is denied, defendant asserts that co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of Plaintiff's demand for judgment.

**WHEREFORE,** Defendant demands judgment for contribution against the above-captioned co-defendants herein pursuant to and in accordance with the provisions of the New Jersey Tortfeasors Contribution Law, <u>N.J.S.A.</u> 2A:53A-1, et. seq., and the Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1 et. seq.

## **CROSSCLAIM FOR INDEMNIFICATION**

Defendant, by way of cross-claim for indemnification against the above-captioned co-defendants, alleges and says:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the complaint.

2. If Defendant should be found liable to the plaintiff herein, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed, and the liability of co-defendants herein is primary, active and direct.

**WHEREFORE,** defendant hereby demands judgment against the above-captioned co-defendants herein for indemnification in full with respect to any damages that may be recovered against defendant.

## GENERAL ANSWER TO CROSSCLAIMS

Defendant denies each and every allegation of each and every cross-claim filed or to be filed against it and denies that any party is entitled to contribution, indemnification, or other relief. Defendant hereby adopts each and every separate defense stated above.

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury of all issues so triable in the within action.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such action or proceeding contemplated. At this time, defendant knows of no other party who should be joined in this action.

**PURCELL, MULCAHY & FLANAGAN, LLC**
4 Essex Ave. Suite 200
P.O. Box 259
Bernardsville, NJ 07924
T: (908) 658-3800
Attorneys for defendant, Kilma J. McKennis
Our File No: (637) 27039-MMO

By:     */s/ Michelle M. O'Brien*
**Michelle M. O'Brien**
**Attorney ID No. 000142012**

Dated: October 13, 2020