**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NINA SMITH, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HSN, INC., *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 20-12869 (JXN) (ESK)<br><br>**<u>OPINION</u>** |

<u>**NEALS**</u>, District Judge

　　This is a putative consumer class action suit Defendants HSN, Inc., Ingenious Designs, LLC, and Joy Mangano (collectively, the "HSN Defendants") for their alleged design, manufacturing, distribution and/or sale of a defective portable clothing steamer marketed as the "My Little Steamer Deluxe." (*See* Notice of Removal, Exhibit A, ECF No. 1-1 at 5, 7, 8.)[1] The case, which alleges violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, et seq., was filed in the Superior Court of New Jersey, Law Division, Middlesex County ("state court"), but was subsequently removed to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, by the HSN Defendants. (*See* ECF No. 1.)

　　Presently before the Court is Plaintiff Nina Smith's ("Plaintiff" or "Smith"), second motion to remand. (ECF No. 35.) Magistrate Judge Edward S. Kiel, ("Judge Kiel") issued a Report and Recommendation, (the "R&R") recommending this Court deny Plaintiff's motion. (ECF No. 48.) Plaintiff filed a timely objection to the R&R (ECF No. 49), and the HSN Defendants filed a

---

[1] For sake of clarity, the Court cites to the page number listed in the ECF header.

response to Plaintiff's objection, (ECF No. 50). The Court has reviewed the reasons set forth by Judge Kiel, considered the parties' submissions and decides this matter on the papers pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the Court **ADOPTS** Judge Kiel's R&R in full.

## I. BACKGROUND

The Court presumes the parties' familiarity with the facts set forth in the R&R and recites only those necessary to adjudicate the remand motion. (*See* ECF No. 48 at 1-5.) As set forth in the R&R, Plaintiff filed this class action in State Court on behalf of herself and the putative class against the HSN Defendants.[2] (ECF No. 1-1.) The putative class consists of "all New Jersey residents who purchased and/or used a My Little Steamer Deluxe product." (*Id*. at 11-12.) According to Plaintiff's Complaint, the My Little Steamer Deluxe's (the "Steamer") defect is "widespread and dangerous" and "[m]any of the purchasers of the [Steamer] suffered severe burns from boiling water leaking and spewing during use." (*Id*. at 37, 39). In addition to compensatory damages, the Complaint seeks treble damages and attorneys' fees, under the NJCFA. (*Id*. at 19.) Plaintiff, as an individual, also seeks recovery of medical expenses for injuries she sustained as a result of the Steamer.[3] (*See id*. at 16.) Plaintiff asserts that "Class members will be limited to a recovery of Seventy-Four Thousand Nine Hundred Ninety-Nine ($79,999) Dollars, per individual proposed Class member," "inclusive of all treble damages, attorneys' fees, interest and cost." (*Id*. at 12, 14-15).

---

[2] The Complaint also alleges a separate negligence claim against Defendant Kilma McKenniss, ("McKenniss"). (*Id*. at 51.) However, Plaintiff does not seek class treatment for the claim against McKenniss.

[3] The HSN Defendants submitted evidence produced in discovery that Plaintiff incurred medical expenses in the amount of $4,988 to treat the alleged injuries caused by the Steamer, which Smith does not deny. (ECF Nos. 39-3 at 2, 8; 39 at 6.)

The HSN Defendants removed by invoking subject-matter jurisdiction pursuant to CAFA asserting that (a) diversity of citizenship, (b) that the purported class members exceeds 100, and (c) the aggregate amount in controversy for the entire proposed class exceeds $5,000,000, exclusive of costs and interest ("CAFA Threshold"). (ECF No. 1 at 3, 10.)

On November 30, 2021, District Judge Kevin McNulty, ("Judge McNulty"), who was formerly assigned to this case, issued an Opinion and Order denying Plaintiff's first motion to remand (ECF No. 10), to the extent Plaintiff argued that the removal was untimely and barred by the local-controversy and the home-state exceptions and that minimal diversity of citizenship was lacking. (*See* ECF No. 24.) With regard to the CAFA Threshold, however, Judge McNulty found that "it is possible that the amount in controversy exceeds $5 million but the limited evidence presented is insufficient to meet the removing party's burden of proof by a preponderance of evidence." (*Id.* at 12.) As a result, Plaintiff's motion was administratively terminated subject to renewal after the completion of jurisdictional discovery and particularly the amount in controversy. (*See id*. at 13.) Jurisdictional discovery was completed on February 22, 2021. (*See* ECF Nos. 27; 31.)

On March 19, 2021, Plaintiff filed her second motion to remand. (ECF No. 35.) In the instant motion, Plaintiff contends remand is appropriate on the basis that the HSN Defendants have not demonstrated that the CAFA Threshold has been met. (*See* ECF No. 35-4 at 2-4.) The HSN Defendants opposed the motion, (ECF No. 39), and Plaintiff replied in further support, (ECF No. 41).

The Court referred Plaintiff's second motion to remand to Judge Kiel for a report and recommendation. On October 12, 2021, Judge Kiel issued a R&R recommending this Court deny

Plaintiff's motion. (ECF No. 48.) Plaintiff filed a timely objection to the R&R (ECF No. 49), and the HSN Defendants responded to Plaintiff's objection, (ECF No. 50).

## II. STANDARD OF REVIEW

Motions to remand to state court are dispositive motions. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). With respect to dispositive motions, such as Plaintiff's remand motion here, the Court reviews *de novo* portions of the magistrate judge's report and recommendation to which a litigant objects. 28 U.S.C. § 636 (b)(1)(C); Fed. R. Civ. P. 72(b). Local Civil Rule 72.1 further requires that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." L. Civ. R. 72.1(c)(2).

## III. DISCUSSION

A civil action brought in state court may be removed by defendants to a federal district court if the district court has original jurisdiction over the claim. *Kendall v. CubeSmart L.P.*, No. CV156098FLWLHG, 2015 WL 7306679, at *2 (D.N.J. Nov. 19, 2015) (citing 28 U.S.C. § 1441(a); *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3rd Cir. 2004). Congress enacted CAFA in 2005, authorizing "[f]ederal court consideration of interstate cases of national importance" under a less stringent jurisdictional threshold than 28 U.S.C. § 1332(a). *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *see also Farina v. Nokia Inc.*, 625 F.3d 97, 110 (3d Cir. 2010). CAFA vests federal district courts with original jurisdiction over class actions where (1) the class has at least 100 members, (2) the parties are minimally diverse, and (3) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d), *Knowles*, 568 U.S. at 592.

Because CAFA strongly favors jurisdiction, *see Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 512 (E.D. Pa. 2007) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)), "no antiremoval presumption attends [CAFA] cases." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Instead, CAFA "should be read broadly, with a strong preference that interstate class actions [] be heard in a federal court if properly removed by any defendant." *Id.* at 89. "[T]he party asserting jurisdiction bears the heavy burden of showing that the case is properly before the federal court." *Samuel-Bassett*, 357 F.3d at 396, 403.

Here, Plaintiff's sole objection to the R&R is to "the presumption of a 30% legal fee for Plaintiff's counsel" for purposes of determining whether potential damages exceed the CAFA Threshold. (ECF No. 49 at 1.) Plaintiff argues that the cases cited in the R&R "refer to 30% as a median, not a mandate" and notes that "[p]arties are free to negotiate as they see fit." (*Id*. at 2.) Plaintiff avers that,

> The simplest way to resolve this issue and remand the matter to State Court is for Plaintiff's counsel to accept a reduced fee of 25%. [Judge] Kiel's calculation would then be $355,800.00 in attorney's fees for a total of $4,644,200.00 not $5,000,160.00.

(*Id*.) The Court finds that Plaintiff's objection lacks merit.

As an initial matter, the Court notes that an award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute. *See, e.g., Alegre v. Atl. Cent. Logistics*, No. 15-2342 SRC, 2015 WL 4607196, at *6 (D.N.J. July 31, 2015). Under the NJCFA, a plaintiff who suffers "any ascertainable loss of money" as a result of unlawful conduct under the act shall be awarded threefold the actual damages sustained, as well as "*reasonable attorneys' fees*, filing fees and reasonable costs of suit." N.J.S.A. § 56:8–19 (emphasis added). Plaintiff's Complaint alleges that "[the HSN] Defendants [made] affirmative misrepresentations and knowing and intentional omissions of material facts regarding the

5

[Steamer] [in] violation[] of the New Jersey Consumer Fraud Act." (*Id*. at 18.) The Complaint further alleges that Plaintiff and the putative class suffered "an ascertainable loss and damages" as a result of the HSN Defendants' "misrepresentation and knowingly intentional omissions." (*Id*. at 19.) Consequently, reasonable attorneys' fees would be available to Plaintiff under the statute and must be considered in determining whether the CAFA Threshold is satisfied. *See Sacchi v. ABC Fin. Servs., Inc.*, No. CIV. 14-1196 FLW, 2014 WL 4095009, at *6 (D.N.J. Aug. 18, 2014) (citing *Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3rd Cir.1997)).

Here, Judge Kiel's use of a 30% attorney's fee to determine the amount in controversy was proper. "The assumption of an award of attorneys' fees of 30% for a successful NJCFA claim is reasonable, as it is founded upon the controlling case law of the Third Circuit Court of Appeals." (ECF No. 48 at 11) (quoting *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015)). Plaintiff has not offered contrary precedent to challenge the use of a 30% legal fee or the method for determining attorneys' fees. Further, in her objection Plaintiff states, for the first time, that "counsel is willing to cap any [attorneys'] fee to 25% rather than accept the assumed (but not mandated) fee of 30%" and thereby reduce the amount in controversy below the CAFA Threshold. (*See* ECF No. 49 at 1.) "[I]t is well-recognized that a post-removal stipulation reducing the amount in controversy below the statutory threshold "does not deprive the district court of jurisdiction." *Perez v. Luxury Retreats Processing Inc.*, No. 19-17490, 2019 WL 7373022, at *4 (D.N.J. Dec. 5, 2019), *report and recommendation adopted,* No. 19-17490, 2019 WL 7372935 (D.N.J. Dec. 31, 2019) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938). "[A] plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of 'no legal significance' to the court's determination." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002) (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d

Cir. 1993)). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co.*, 303 U.S. at 293. Consequently, Plaintiff's after-the-fact stipulation limiting counsel's fee to 25% is of no moment. The ultimate determination of the amount in controversy requires a "reasonable reading of the value of the rights being litigated." *Angus* 989 F.2d at 146. Therefore, the Court finds that Judge Kiel's findings that as to the amount in controversy is supported by the record. Defendants have shown by a preponderance of the evidence that the amount in controversy will exceed $5 million.[4]

## I. CONCLUSION

In sum, the Court is satisfied from the evidence presented that the amount in controversy exceeds the $5,000,000 and the CAFA Threshold has been met. For the reasons discussed herein, the Report and Recommendation of Magistrate Judge Edward S. Kiel, ECF No. 48, is hereby adopted and Plaintiff's second motion to remand, ECF No. 49, is denied. An appropriate order accompanies this opinion.

DATED: August 18, 2022

JULIEN XAVIER NEALS
United States District Judge

---

[4] Finding that the HSN Defendants have shown by a preponderance of the evidence that there is a potential recovery of $1,850,160 under the NJCFA (when $426,960, 30% in attorneys' fees, are added to $1,423,200 in treble damages) and a potential recovery of at least $3,150,000 under the New Jersey Products Liability Act making the total potential recovery in this case at least $5,000,160, which exceeds the CAFA Threshold. (*See* ECF No. 48 at 15.)